## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 2:21-cv-14319

H.M., individually and as Guardian for H.S.
an Unemancipated Minor,

      Plaintiff,

vs.

DEPUTY SHERIFF NICHOLAS VINCENT
CASTORO, in his individual capacity, and
SHERIFF WILLIAM D. SNYDER, in his
official capacities,

      Defendants.

_____

### COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, H.M., individual and as Guardian for H.S., an Unemancipated Minor, ("H.M."), by and through undersigned counsel, sues Defendants and alleges:

### INTRODUCTION

1.    This is an action involving the violation of Plaintiff's federal civil rights by Defendants acting under color of state law. The aggregate amount of damages claimed by the Plaintiff against all Defendants is in excess of seventy-five thousand dollars ($75,000.00).

2.    Plaintiff, H.M., is the parent and guardian of H.S., an unemancipated minor in the care and custody of H.M. and H.M. is therefore authorized to bring this action.

### JURISDICTION AND VENUE

3.    Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 1988 and the Fourth Amendment to the Constitution of the United States of America.

4.      Plaintiff's claims for relief are predicated on 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States and by 42 U.S.C. § 1988 which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

5.      Venue is appropriate in this Court as the acts alleged to have been committed by Defendants against Plaintiff occurred wholly within Martin County, Florida.

6.      A written notice of Plaintiff's claims asserted was submitted to the Martin County Sheriff's Office ("MCSO") and to the Florida Department of Financial Services on or about May 29, 2019, a copy of which is attached hereto as Exhibit A. No response was received from MCSO by Plaintiff; therefore, the allegations contained therein are deemed denied by operation of law.

7.      Plaintiff seeks an award for damages under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

8.      Plaintiff further seeks an award for punitive damages, court costs, and attorney fees connected with the federal claims.

9.      All conditions precedent to bringing this action and for recovery of attorney's fees under state and federal law have occurred or have been satisfied.

## PARTIES

10.     Plaintiff, H.M., individually and as Guardian for H.S. an Unemancipated Minor, is a citizen of the State of Florida residing in Martin County, and is otherwise sui juris.

11.     The Unemancipated Minor, H.S., at all times material, was a resident of Martin County, Florida.

12.     Defendant, WILLIAM D. SNYDER (hereinafter "SNYDER"), is the Sheriff of Martin County, Florida, and is otherwise sui juris. At all material times, SNYDER was in charge

of the Martin County Sheriff's Office ("MCSO"), its agents and employees, including supervising, training and establishing policies, customs and procedures to conform their conduct to the United States Constitution and Florida common law. SNYDER is sued in his official capacity.

13.  Defendant, DEPUTY SHERIFF NICHOLAS VINCENT CASTORO (hereinafter "CASTORO"), at all times material to this action, was employed by the MCSO as a deputy sheriff. He is sued in his individual capacity.

14.  At all times material, Defendants were acting under color of state law.

## UNDERLYING FACTS

15.  On or about January 4, 2019, 13-year-old H.S. was walking with a 12-year-old friend, R.S., through a residential area in Martin County, Florida.

16.  A resident of the area called 9-1-1 to report two male juveniles walking in her yard and taking items out of yards in the neighborhood.

17.  CASTORO was dispatched in reference to the citizen complaint.

18.  Upon his arrival, CASTORO met H.S. and R.S. in the middle of a residential street.

19.  During the initial contact, H.S. refused to give CASTORO his name and subsequently put his hand in his front hoody pocket.

20.  CASTORO commanded H.S. to remove his hand from his pocket and at first, H.S. did not comply.

21.  Upon information and belief, CASTORO suspected H.S. was grabbing something with his hand inside his pocket.

22.  As CASTORO stepped closer to H.S., H.S. pulled his hand out of his pocket.

23.  CASTORO grabbed H.S.'s wrist and a struggle ensued.

24.  During the struggle, CASTORO lifted H.S. off the ground.

25.     CASTORO slammed H.S. to the ground, causing H.S. to strike the asphalt with such force it fractured his skull, collar bone and ribs.

26.     A pocketknife was discovered after the struggle.

27.     At no time during the interaction did H.S. open the pocketknife.

28.     At no time during the interaction did H.S. attempt to open the pocketknife.

29.     At no time during the interaction did H.S. threaten Deputy CASTORO.

30.     At no time during the interaction did H.S. threaten to flee the scene.

31.     In the criminal matter, H.S. and R.S. both testify that H.S. did not pull the knife on CASTORO.

32.     In the criminal matter, H.S. and R.S. both testify that the first time they saw the knife during the interaction was after H.S. was slammed to the ground and it was in CASTORO's hand.

33.     According to Florida State Law, a pocketknife is not a weapon.

34.     Where a weapon is not opened, it is not a weapon. JRP v. State, 979 So. 2d 1178 (2008); JM v. State, 872 So. 2d 985 (2004).

35.     The Juvenile Court did not find that H.S.'s actions that day rose to the standard of aggravated assault on law enforcement.

36.     CASTORO violated H.S.'s civil rights, granted to H.S. by the United States Constitution, by using an inappropriate and excessive level of force against H.S.

37.     The foregoing violation of H.S.'s civil rights caused him injury and damages. These violations were of a type and character as to which any reasonable person would be aware. Further, the law prohibiting such conduct as unconstitutional is clearly established in the United States Constitution.

38.     Following the incident, H.S. was arrested by CASTORO and then transported by Fire Rescue to the Martin Memorial Hospital and then transferred to St. Mary's Medical Center to treat his significant head injuries.

39.     While at Martin Memorial Hospital, during treatment and prior to being transported to St. Mary's Medical Center, CASTORO went to H.S.'s hospital room to conduct further investigation of the crimes for which he had already placed H.S. under arrest.

40.     Later that night, MCSO deputies returned to take a second statement from R.S. concerning the arrest and altercation between CASTORO and H.S., an attempt to have R.S. alter his original statement.

41.     Following his release from the hospital, H.S. has dealt with recovery from his ongoing physical injuries as well as mental and emotional distress that has led to suicide attempts. H.S. continues to be in therapy, counseling and under the care of doctors for the treatment of his mental illness, proximately caused and exacerbated by the actions of CASTORO and the injuries sustained on January 4, 2019.

### COUNT I: VIOLATION OF 42 U.S.C. § 1983 DEPRIVATION OF PLAINTIFF'S CIVIL RIGHTS AGAINST DEFENDANT CASTORO

42.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 41 inclusive, as if fully set forth herein.

43.     The actions of CASTORO occurred within the scope of his employment with the MCSO, having occurred within the authorized time and space limits of his duties and for the purpose of serving SNYDER.

44.     This is an action for damages against Defendant CASTORO for the deprivation of H.S.'s Fourth Amendment rights in violation of 42 U.S.C. § 1983.

45.     While CASTORO was acting under color of state and federal law as a deputy sheriff, he subjected H.S. to the deprivation of rights and privileges, including the constitutional right to be free from excessive force against his person.

46.     CASTORO knew or should have known and every reasonable deputy sheriff in his position would have concluded that H.S. was not a threat to him which justified the use of unnecessary, unreasonable and excessive force.

47.     As a direct and proximate result of the above violations, H.S. suffered physical injury, pain, suffering, and emotional distress.

48.     The Plaintiff claims damages for the constitutional violations to H.S. under 42 U.S.C. § 1983, 42 U.S.C. § 1988.

WHEREFORE, Plaintiff H.M., individually and as Guardian for H.S., an Unemancipated Minor, demands judgment for damages against Defendant CASTORO for constitutional violations, misconduct, and acts set forth herein and for all damages, punitive damages, costs and attorney's fees and further demands trial by jury on all issues so triable.

## COUNT II:  NEGLIGENCE OF DEFENDANT SNYDER

49.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 41 inclusive, as if fully set forth herein.

50.     This is an action for damages against Defendant SHERIFF SNYDER, in his official capacity as the Sheriff of Martin County, for negligent actions of CASTORO, performed while in the course and scope of his employment as a Deputy Sheriff with MCSO.

51.     During the interaction with H.S. and prior to using excessive force, CASTORO negligently and unnecessarily placed himself in physical contact with H.S. without waiting for the

assistance of backup officers, creating the one-on-one physical altercation with H.S., subsequently leading to his use of excessive force.

52.     As a direct and proximate result of the negligent actions of CASTORO, H.S. suffered physical injury, pain, suffering, and emotional distress.

WHEREFORE, Plaintiff H.M., individually and as Guardian for H.S., an Unemancipated Minor, demands judgment for damages against Defendant SNYDER for the negligent actions of CASTORO as set forth herein, and for all damages, costs and attorney's fees and further demands trial by jury on all issues so triable.

## JURY DEMAND

A demand for a jury trial is hereby made.

Dated: August 6, 2021.

Respectfully submitted,

**Todd Norbraten**

Todd Norbraten, Esq. (Florida Bar No. 056605)
Guy Bennett Rubin, Esq. (Florida Bar No. 691305)
RUBIN & RUBIN
2055 South Kanner Highway
Stuart, Florida 34994
Telephone: (772) 283-2004
Facsimile: (772) 283-2009
tnorbraten@rubinandrubin.com
grubin@rubinandrubin.com
dkrebs@rubinandrubin.com
*Attorneys for Plaintiff, H.M.*