UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-14319-Cannon/McCabe

H.M.,
individually and as Guardian for H.S.
an Unemancipated Minor,

    Plaintiff,

v.

DEPUTY SHERIFF NICHOLAS VINCENT
CASTORO, in his individual capacity,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Motion for Bill of Costs ("Motion") (DE 60), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 62). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion (DE 60) be **GRANTED IN PART and DENIED IN PART.**

### I.    BACKGROUND

Plaintiff, as guardian of Minor, H.S., initiated this case on August 6, 2021, alleging Defendant used excessive force in arresting H.S., thereby violating his Fourth Amendment rights and giving rise to a cause of action under 42 U.S.C. § 1983 (DE 1, DE 28). On January 10, 2023, the undersigned issued a Report recommending that Defendant's Motion for Summary Judgment be granted (DE 54). Thereafter, U.S. District Judge Cannon accepted the Report, granted Defendant's Motion for Summary Judgment, and dismissed the operative complaint with prejudice (DE 57). On February 8, 2023, final judgment was entered in Defendant's favor (DE 58).

This Motion followed, seeking costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Local Rule 7.3(c) (DE 60, DE 65). Defendant requests a total of $4,994.08, comprised of (1) $230.00 for service of subpoenas; (2) $3,058.40 for printed or electronically recorded transcripts necessarily obtained for use in the case; and (3) $1,305.68 for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and (4) $400.00 for mediation costs (DE 60, DE 65). Plaintiff failed to file any response to this Motion.

**II.     DISCUSSION**

Federal Rule of Civil Procedure 54 provides that, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). For purposes of the rule, "prevailing party" means the party in whose favor judgment is rendered by the Court. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Here, Defendant meets the definition of "prevailing party" because the Court entered summary judgment in his favor (DE 79 at 14, 20).

Under 20 U.S.C. § 1920, the Court may tax the following costs:

(1) Fees of the Clerk and Marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although the "losing party bears the burden of demonstrating that a cost is not taxable," "the prevailing party must submit a request for costs that allows the Court to determine what costs were incurred and whether the prevailing party is entitled to them." *Cotayo v. Fed. Express Corp.*, No. 20-CV-60919, 2022 WL 16716022, at *1 (S.D. Fla. Sept. 16, 2022), *R. & R. adopted*, 2022 WL 16714261 (S.D. Fla. Nov. 4, 2022). As such, the Court has independently reviewed the costs sought by Defendant, even though Plaintiff submitted no response.

### A.   Service of Subpoenas

Pursuant to 18 U.S.C. § 1920(1), Defendant requests $230.00 in private process server fees for the service of five subpoenas for records (DE 60-2 at 1, DE 60-1 at 1-3). While recovery of the cost of private process servers is authorized under 28 U.S.C. § 1920(1), the rates must not exceed the costs charged by the United States Marshal's Service to effectuate service. *E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 623–24 (11th Cir. 2000). The rate charged by the U.S. Marshal is $65.00 per hour for each item served, plus travel costs and any other out-of-pocket expenses. *See* 28 C.F.R. § 0.114(a)(3). The invoices attached to the Motion do not indicate the amount of time spent to serve the five subpoenas; however, the Court finds that $230.00 to serve five subpoenas is reasonable, averaging to $46.00 per subpoena. The Court therefore awards Defendant $230.00 in process server fees pursuant to 18 U.S.C. § 1920(1).

### B.   Deposition Transcripts

Pursuant to 18 U.S.C. § 1920(2), Defendant requests $3,058.40 for printed or electronically recorded transcripts necessarily obtained for use in the case, specifically, the costs for four depositions (DE 60-2 at 1-2, DE 60 at 1). As set forth below, the Court finds that Defendant "necessarily obtained" all of these transcripts for use in the case, but that Defendant cannot tax the entirety of the invoices paid.

1. **<u>Necessity of Transcripts</u>**

As a general rule, depositions "taken within the proper bounds of discovery will normally be deemed to be necessarily obtained for use in the case." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *4 (S.D. Fla. Feb. 2, 2016) (cleaned up). Here, the Court has reviewed the docket in this case, including the summary judgment filings (*see, e.g.*, DE 40, DE 41, DE 42, DE 44, DE 45, DE 49, DE 50). As to the four depositions taken during the case, the Court finds such depositions to be within proper bounds of discovery and thus necessarily obtained for use in the case.

2. **<u>Recoverable Transcript Costs</u>**

The Court next turns to the amount of transcript costs requested. "Recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem." *Procaps*, 2016 WL 411017, at *4 (collecting cases). Not all deposition costs are recoverable. *Ross v. Florida*, No. 1:21-CV-22489-KMM, 2022 WL 12020359, at *3 (S.D. Fla. Sept. 6, 2022). For instance, "[c]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel." *Ramos v. Fla. Drawbridges Inc.*, No. 21-CV-80844, 2022 WL 3370787, at *3 (S.D. Fla. Aug. 16, 2022) (cleaned up); *see also Ross*, 2022 WL 12020359, at *3 (excluding costs for delivery and handling, condensed copies of the transcript, and Litigation Technology, Support and Security Management where counsel failed to explain the necessity of these costs).

Here, in addition to seeking the transcript costs themselves, Defendant also seeks costs for condensed transcripts, costs for delivery and handling, and costs labeled "Litigation Technology, Support and Security Management" (DE 60-1 at 5-6). Defendant has not shown these costs were necessary, as opposed to merely convenient (DE 65 at 2-3). As such, Defendant cannot tax these

4

additional costs. The Court therefore reduces Defendant's request by $360 ($60 for condensed transcripts; $165 for litigation technology, support, and security management; and $135 for delivery and handling). The Court, therefore, awards Defendant $2,698.40 for transcript costs pursuant to 18 U.S.C. § 1920(2).

### C.   Photocopies

Pursuant to 18 U.S.C. § 1920(4), Defendant requests $1,305.68 for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case (DE 60 at 1, DE 65 at 2). Printing and copying costs may be taxable in some circumstances, but "the prevailing party must provide information regarding the purpose of copies charged so the court will be able to determine whether the rates paid for copies were reasonable, whether the copies made were related to the action at issue, and what the copies were for." *George v. Fla. Dept. of Corrs.*, No. 07-80019-CIV, 2008 WL 2571348, at *2 (S.D. Fla. May 23, 2008).

Here, although Defendant states the copies are attributable to discovery, Defendant provides no explanation as to how these copies were related to this case. Nevertheless, because the Court has familiarity with the summary judgment materials in the case, and given the lack of opposition, the Court finds that obtaining Plaintiff's medical records and juvenile detention records was necessary. The Court finds the invoices submitted in support of these costs are sufficiently detailed with one exception – the receipt for Sharecare Health Data Services for $42.79 fails to provide a breakdown of the cost or any identifying information to connect this cost to this case. The Court therefore reduces Defendant's request by $42.79 and awards Defendant $1,262.89 for copying costs pursuant to 18 U.S.C. § 1920(4).

### D.   Mediation

Finally, Defendant requests $400 for half of the cost of the mediation fee from the unsuccessful mediation conducted on August 25, 2022 (DE 60-1 at 15, DE 65). Mediation

expenses, however, are not among the statutorily specified costs under 18 U.S.C. § 1920. *See Incarcerated Entm't, LLC v. Cox*, No. 18-21991-CIV, 2019 WL 8989846, at *1 (S.D. Fla. Nov. 4, 2019) ("Because this matter is strictly governed by section 1920, as opposed to some other statutory source of authority for reimbursement of fees or costs, a mediator's cost/fee is not a recoverable taxable cost under this statute."); *Bryant v. Mascara*, No. 16-14072-CV, 2022 WL 16541088, at *3 (S.D. Fla. Oct. 12, 2022) (collecting cases). The Court therefore deducts $400.00 from the taxable costs sought by this Motion.

### III. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 60) be **GRANTED IN PART and DENIED IN PART**, and that Defendant be awarded total costs in the amount of $4,191.29, and that the total amount of the costs award be subject to post judgment interest at the statutory rate. *See* 28 U.S.C. § 1961.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 5th day of May 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE